| | | |
|---|---|---|
| **NEAL POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CHIPP BAILEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I.      BACKGROUND

In his pro se complaint, Plaintiff alleges that while incarcerated in the Mecklenburg County Jail he was assaulted by one or more officers and suffered physical injury and emotional distress. Plaintiff names as the lone defendant Chipp Bailey, who is the Sheriff of Mecklenburg County, and he seeks to recover $1,000,000 from Defendant Bailey as damages for his pain and suffering.

## II.      STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." <u>Id.</u> § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).

## III.   DISCUSSION

Plaintiff contends that his injuries occurred while he was in the custody of Sheriff Bailey however he fails to provide any allegations that Sheriff Bailey knew of, participated in, or condoned the alleged assault. In his capacity as sheriff, Defendant Bailey serves as a supervisory government official. Such an individual cannot be held liable under a theory of respondeat superior because this liability generally does not lie in a Section 1983 action, or more particularly, not on the facts alleged in this case. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). In sum, in order to hold Defendant Bailey responsible, Plaintiff must allege facts which tend to show that it was Bailey's actions, or omissions, that led to his injury. Plaintiff has failed to make such a showing.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state claim upon which relief may be granted therefore his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: April 10, 2014

Frank D. Whitney
Chief United States District Judge