UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-77-FDW

| | | |
|---|---|---|
| NEAL POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHIPP BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion for

reconsideration of the order dismissing Plaintiff's § 1983 complaint on initial review pursuant to

28 U.S.C. § 1915A(b)(1). See (3:14-cv-77, Doc. No. 7).

In his § 1983 complaint, Plaintiff alleged that he was assaulted by a detention officer

while he was detained in a Mecklenburg County jail. After reviewing the allegations, the Court

dismissed the § 1983 complaint because Plaintiff failed to allege any acts that defendant had any

prior knowledge that the alleged assault would occur or that defendant failed to intervene in the

alleged assault, nor did he present any allegations that could demonstrate dereliction in

defendant's duty to train, supervise, or command his employees. In his motion for

reconsideration, Plaintiff again fails to plead any allegations which could tend to show that

defendant was aware of the possibility of the alleged assault or that he failed to properly train,

supervise or command his employees.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States

Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a

Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

After considering Plaintiff's motion for reconsideration, the Court finds that Plaintiff has failed to demonstrate the existence of any of the limited circumstances under which a Rule 59(e) motion may be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 10).

Signed: November 4, 2014

Frank D. Whitney
Chief United States District Judge

2